

JUN 22 2012

LAWRENCE K. BAERMAN, Clerk
UTICA

Brenda M. Brown

187 Patchen Avenue

Brooklyn, NY 11233-1209

June 7, 2012

Honorable Judge David N. Hurd

US District Judge Northern District

A P Federal Building & US Courthouse

10 Broad Street

Utica, New York 13501

Re: Simpson, et. al. V.

NYS Civil Service Comm.

04 CV 1182 (DNR/DRH)

Honorable Judge Hurd,

I am a member of this class action lawsuit which was settled on April 25, 2011. I received the attached letter from Sussman & Watkins, dated March 7, 2011, which explains the proposed settlement terms and plans for distributing the proceeds.

My circumstances regarding this exam puts me in the category specified in #3, page 2 ($35,000 over 4 years) of this letter. I received a Claimant Release form dated May 9, 2011 which would put me in the category specified in #1, page 1 ($7,000 over 4 years) of the March 7, 2011 letter. Via (attached) email, I informed Mr. Sussman of this fact. As you can see, he responded a few days later acknowledging an error been made in categorizing me.

A new release form was never sent. I was asked a few times to scratch out the incorrect ($7,000) amount on the release form and to write in the correct amount ($35,000). I did so each time I was asked to do so.

Thus far I have received two checks grossing $1,750 each; (copies attached) when they should have been for the amount of gross $8,750 each. I have not cashed either of the $1,750 checks I've been sent. I have contacted Mr. Sussman's office quite a few times via email tying to clear up this matter. I think if I were to be sent a release with the correct amount ($35,000) from the law firm it might generate the correct amount of payment to the State of New York and hopefully I would receive my correct portion of the proceeds as specified in the settlement terms.

I understand that this lawsuit is a thing of the past and Sussman & Watkins is engaged with their business at hand. However, I find it a little ironic that this lawsuit brought about because people were financially injured due to the use of these tests now has me feeling further financially injured due to a clerical error.

My husband just retired and we recently relocated out of New York State to 4710 Sylvan Drive, Savannah, Ga. 31405. Current email address is libramoon07@verizon.net. After June 14th my new email address will be brownbrendam@yahoo.com My phone number is 347-668-4037.

I would greatly appreciate any assistance you can provide in this matter.

Sincerely,

Brenda M Brown Jones

Brenda Marie Brown Jones

cc: Craig Minor, Courtroom Clerk

Michael Sussman, Sussman & Watkins

**SUSSMAN & WATKINS**
- Attorneys at Law -

MICHAEL H. SUSSMAN
CHRISTOPHER D. WATKINS
JOHN L. WESLOWSKI

55 MAIN ST. - SUITE 6
P.O. BOX 1005
GOSHEN, NEW YORK 10924

(845) 294-3991
Fax: (845) 294-1623
sussman1@frontiernet.net

LEGAL ASSISTANTS
SONNIA VAN HAASTER
GEORGE FIGUEROA
AJA CLEVENGER
JONATHAN GOLDMAN
DONALD BUCKNER
DANIEL RUETERS-WARD

March 7, 2011

***Dear Class Members:***

This letter is intended to advise you of the proposed settlement of the class action entitled Simpson, et al. v. New York State Civil Service Commission, et al, 04 CV 1182 (DNH/ DRH). Certified as a class action in 2005, the Complaint alleged that the defendants had em-ployed a testing instrument, the Promotion Battery Test [PTB], and PTB-like tests, which were not validated for the purpose for which they were used and had racially disparate impact on class members in violation of federal law. Following fact and expert discovery, the parties cross-moved for summary judgment. Plaintiffs asserted that the undisputed facts established defendants' liability and the state defendants asserted that plaintiffs' proofs failed to establish essential elements of their case. The motions remain pending before the Honorable David Hurd, United States District Judge for the Northern District of New York. In late December 2010, after extensive negotiations, the parties reached a proposed resolution of the case. The essential elements of that resolution follow:

A) Between May 15, 2011 and April 1, 2014, the State of New York will pay the class and its attorneys the sum of $45,000,000, $11,250,000 annually. This payment schedule may be affected or adjusted depending upon when the State of New York adopts its annual budget. Payments will be made within thirty days of adoption of the budget.

B) In January 2007, the State of New York stopped using the PTB or battery-like tests. The Settlement Agreement recognizes the parties' acknowledgement that the tests are not now being administered in New York. The State has not resumed use of such tests to this date and we do not expect it shall do so. If the State chooses to resume use of the PTB test, class counsel will review the impact of any such testing and take appropriate action.

C) In exchange for these remedial measures, the plaintiff class has agreed to dismiss the pending lawsuit and class members who accept this settlement shall not bring any further legal action challenging the PTB.

D) The federal Court will retain jurisdiction to enforce the payments required in (1) above. Federal law requires that the court advise class members of the terms of this settlement and conduct a fairness hearing and approve or reject these terms. It is our responsibility now to advise class members of the distribution proposed of the $45,000,000. The proposed distribution follows:

1) Each class member who took the PTB and attained a score which disqualified him/her for

promotion will receive $7,000. Payment will be divided over the four payments referenced above.

2) Each class member who took the PTB and by reason of the score s/he attained was terminated from a position which s/he held on a provisional basis will receive $20,000 for each year [from the date of termination through 2010]. Payment will be divided over the four payments made by the State and referenced above.

3) Each class member who took the PTB and by reason of the score s/he attained reverted to a lower civil service title/level will receive $5,000/year for each year s/he held the lower title. Entitlement to this sum will be calculated for, and only for, the period during which the class member held a lower grade. If the class member was again promoted, entitlement to payment will cease from the date of said promotion.

4) Each class member who took the PTB and by reason of the score s/he attained could have been, but was not reverted, to a lower civil service title will be treated as set forth in 1. above.

5) In addition to the payments set out below, each class ~~representative [there are 11 named~~ class representatives] shall receive between $30,000-150,000 as an "incentive award" in recognition of their service as a class representative. The sum of said awards will depend on the class representatives' contribution to this litigation. Payment will be divided over the four payments referenced above. The total sum to be paid to the class representatives shall be $770,000.

6) Class counsel signed a retained agreement with the class representatives entitling them to 25% of the proceeds of the settlement. Payment of this sum, $11,250,000, will be divided over the four payments referenced above. In addition, class counsel have incurred expenses of approximately $800,000 which costs shall be recovered from the first payment made by the State of New York in 2011.

Class counsel recommend approval of this settlement for several principal reasons:

i. The primary litigation objective – stopping the PTB – has been attained and we regard it as highly doubtful that the State will again adopt any selection instrument which has not been validated and has racially disparate impact.

ii. The State of New York is experiencing [as it has for several years] uncommon economic distress. This affects the capacity of the State to provide additional financial relief to class members and suggests the wisdom of compromise. We believe this is warranted particularly because class members who were not holding provisional positions at the time they took the PTB had no guarantee to promotions even had a fairer test been used and their scores higher. The proposed settlement recognizes the distinction between test-takers who were not guaranteed promotions regardless of their scores, and provi-sional incumbents who, by tradition and practice, would most likely have retained their positions had they scored higher. A majority of provisional incumbents lost their posi-tions and reverted to lower civil service titles. Some such incumbents were terminated. The agreement proposed to compensate them most generously. Finally, some such pro-visional incumbents never lost their higher position and they are treated

for purposes of this settlement like persons who had no entitlement to a higher position and simply did not score well enough on the PTB to be considered for a promotion.

iii. We engaged in extensive negotiations with counsel for the State of New York and have concluded that the proposed settlement is the best we can attain. The alternative of reaching no agreement poses substantial litigation risks, the prospect of years of additional delay and no guarantee of a better result for class members. For these reasons, we recommend that class members accept the settlement. For those who do not wish to accept the settlement, you are entitled to opt out. By doing so, you will not be bound by this settlement and shall not receive its benefits. Under our agreement with the State of New York, if more than 7.5% of class members choose to opt out, the settlement may be declared null and void by defendants. In that case, the Court will decide the pending motions for summary judgment. If you choose to opt out and fewer than 7.5% of the class members do the same, the settlement will proceed to hearing before Judge Hurd and, if His Honor approves it, you will not receive the monetary benefits of the settlement set forth above. For those who wish to opt out, **please advise Michael H. Sussman, Esq., PO Box 1005, Goshen, New York 10924. Such notification should be in writing and post-marked before April 1, 2011.** If fewer than 7.5% of the class chooses to opt out, the Court will conduct a fairness hearing on **April 15, 2011 at 10:00 A.M.** This hearing will be held at the United States Courthouse, 445 Broadway, Albany, New York and will commence at 10:00 A.M. Any class member may be heard at that time. You may also submit written comments about the proposed settlement to The Honorable David Hurd, United States Courthouse, 445 Broadway, Albany, New York 11224.

In closing, this litigation has been hard fought and we believe the class has achieved significant litigation objectives. As a class member, you are entitled to decide how you wish to proceed. If you have any questions, you may address them to Michael Sussman, Esq., at sussman1@frontiernet.net and Mr. Sussman will provide prompt responses.

Sincerely,

Michael H. Sussman, Esq. & Willie Gary, Esq. , Class Counsel

verizon
**Verizon Message Center**

Thursday, May 19 at 9:03 AM

**From:** "Michael Sussman" <Sussman1@frontiernet.net>

**To:** libramoon07@verizon.net

**Cc:** "sonnia"

**Subject:** Re: Merton Simpson, et al v. NYS Dept of Civil Service, et al

your share of the proceeds is supposed to be $35,000.
we are re-sending the release for that sum.

michael sussman

> ----- Original Message -----
> **From:** libramoon07@verizon.net
> **To:** sussman1@frontiernet.net
> **Sent:** Friday, May 13, 2011 7:07 PM
> **Subject:** Merton Simpson, et al v. NYS Dept of Civil Service, et al
>
> **Dear Mr. Sussman,**
>
> **I just received the claimant release form in conjunction with the above referenced case. This release form is in consideration of $7,000 paid to me by the state of NY to forgo any future claims or suits regarding this matter.**
>
> **You have me as part of the injured class described in part 1 of the letter dated March 7, 2011. In fact, I was/am a member described in part 3 of that letter. I don't remember the exact dates but took this exam in the mid 1990's. I was at SG-18 when I took this exam and provisionally promoted to a SG-23 before I took the exam or before the resuts were posted. I passed the written part of the exam but not the oral part. This meant that I didn't pass this exam. As a result I reverted to SG-18 which I kept until I retired at the end of 2002.**
>
> **My agency was NYS DHCR; from 1994 -2002 I worked in the Rent Control section of DHCR. Rent Control had been a city agency before being given to the state. Rent Control had their own titles and their own union (DC-37)which they were allowed to keep when they became a state agency. I kept my analyst title and my PEF affiliation the entire 8 1/2 years I worked in Rent Control. The provisional title I was given**

Case 1:04-cv-01182-DNH-DRH Document 142 Filed 08/22/12 Page 7 of 9

**was a Manager title which I held for less than a year, I think.**

**I anxiously await a reply. Although I don't have much information I can send, I'm sure the records are maintained by the State.**

**Sincerely,**
**Brenda M Brown**
**[redacted]-5834**
**(718) 573-8663**

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 10.0.1209 / Virus Database: 1500/3636 - Release Date: 05/13/11

Thomas P. DiNapoli
State Comptroller

BRENDA M BROWN

| | Total Gross | Fed Taxable Gross |
|---|---|---|
| Current | 1,750.00 | 1,750.00 |
| YTD | 1,750.00 | 1,750.00 |

Check # 31454393
Check Date 12/07/2011
Department ID PBS

Pay Start Date 11/10/2011
Pay End Date 11/23/2011
NYS EMPLID N01429700

Negotiating Unit 05
Retirement System

**Net Pay 1,248.06**

Pay Rate 50,843.00

| EARNINGS | Current Hrs/Days | Current Earnings | YTD Hrs/Days | YTD Earnings |
|---|---|---|---|---|
| Promotional Battery Settlement | | 1,750.00 | | 1,750.00 |

| TAX DATA | Federal | State | NYC | Yonkers |
|---|---|---|---|---|
| Marital Status | S | S | S | |
| Allowances | 0 | 0 | 2 | |
| Addl. Amt. | | | | |

| TAXES | Current | YTD |
|---|---|---|
| Fed Withholding | 268.27 | 268.27 |
| Medicare | 25.38 | 25.38 |
| Social Security | 73.50 | 73.50 |
| NY Withholding | 86.23 | 86.23 |
| NYC Withholding | 48.56 | 48.56 |

| BEFORE TAX DEDUCTIONS | Current | YTD |
|---|---|---|

| AFTER TAX DEDUCTIONS | Current | YTD |
|---|---|---|

THE FACE OF THIS DOCUMENT HAS MULTIPLE SECURITY FEATURES

14999904

State of New York

DEPARTMENT OF TAXATION AND FINANCE - DIVISION OF THE TREASURY

KeyBank N.A.

Check No. 31454393

29-55
213

PAYROLL ACCOUNT

SERIES B

December 07, 2011

KNOW YOUR ENDORSER

PAY TO THE ORDER OF BRENDA M BROWN

$1,248.06

EXACTLY *ONE THOUSAND TWO HUNDRED FORTY-EIGHT AND 06/100 DOLLARS*

Thomas P. DiNapoli
State Comptroller

Thomas H. Mattox
Commissioner, Dept. of Taxation and Finance

⑈31454393⑈ ⑆021300556⑆ 3209932027 14⑈

**Thomas P. DiNapoli**
**State Comptroller**

**BRENDA M BROWN**

| | Total Gross | Fed Taxable Gross |
|---|---|---|
| Current | 1,750.00 | 1,750.00 |
| YTD | 1,750.00 | 1,750.00 |

Check # 32097761
Check Date 05/23/2012
Pay Start Date 04/26/2012
Pay End Date 05/09/2012
Negotiating Unit 05
Retirement System
**Net Pay 1,255.05**

Department ID PBS
NYS EMPLID N01429700
Pay Rate 50,843.00

| EARNINGS | Current Hrs/Days | Current Earnings | YTD Hrs/Days | YTD Earnings |
|---|---|---|---|---|
| Promotional Battery Settlement | | 1,750.00 | | 1,750.00 |

| TAX DATA | Federal | State | NYC | Yonkers |
|---|---|---|---|---|
| Marital Status | S | S | S | |
| Allowances | 0 | 0 | 2 | |
| Addl. Amt. | | | | |

| TAXES | Current | YTD |
|---|---|---|
| Fed Withholding | 264.13 | 264.13 |
| Medicare | 25.38 | 25.38 |
| Social Security | 73.50 | 73.50 |
| NY Withholding | 83.38 | 83.38 |
| NYC Withholding | 48.56 | 48.56 |

| BEFORE TAX DEDUCTIONS | Current | YTD |
|---|---|---|

| AFTER TAX DEDUCTIONS | Current | YTD |
|---|---|---|

THE FACE OF THIS DOCUMENT HAS MULTIPLE SECURITY FEATURES

17428607

SERIES B

**State of New York**

DEPARTMENT OF TAXATION AND FINANCE - DIVISION OF THE TREASURY

KeyBank N.A.

Check No. 32097761

29-55
213

PAYROLL ACCOUNT

May 23, 2012

KNOW YOUR ENDORSER

PAY TO THE ORDER OF **BRENDA M BROWN** **$1,255.05**

EXACTLY *ONE THOUSAND TWO HUNDRED FIFTY-FIVE AND 05/100 DOLLARS*

Thomas P. DiNapoli
State Comptroller

Thomas H. Mattox
Commissioner, Dept. of Taxation and Finance

⑈32097761⑈ ⑆021300556⑆ 320993202714⑈